UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAMELA MOULTRIE,
    Plaintiff,

v.                                                  No. 3:13-cv-1443 (SRU)

CARVER FOUNDATION,
    Defendant.

**RULING AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

    *Pro se* plaintiff Pamela Moultrie brought this action against the Carver Foundation ("the Foundation"), alleging she was terminated on the basis of her race/color, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") (doc. 1).  After the Foundation filed several motions to dismiss, and after I allowed Moultrie the opportunity to amend her complaint to state a claim upon which relief could be granted, I ordered the plaintiff to consolidate her submissions into one, unified filing (doc. 29).  Moultrie attempted to comply, see Am. Compl. (doc. 31), but her pleading failed to remedy the deficiencies.

    In light of the procedural history for this case, and based upon the entire record before me, the Foundation's motion to dismiss (doc. 27) is **GRANTED** with prejudice.

**I.**     **Standard of Review**

    A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof."  *Ryder Energy Distribution Corp. v. Merrill Lynch*

*Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that plaintiff has a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

The court must liberally construe the pleadings of *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotes and citations omitted). Materials submitted by a non-moving *pro se* plaintiff are interpreted to "raise the strongest arguments [those materials]

suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal citations omitted). When reviewing a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). Nevertheless, a *pro se* party's status does not relieve her of the burden of alleging sufficient facts on which a recognized legal claim can be based, *Salahuddin v. Coughlin*, 781 F.2d 24, 29 (2d Cir. 1986), nor does it exempt a party from "compliance with relevant rules of . . . substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotes omitted).

**II.  Background**

Moultrie filed her complaint alleging discrimination under Title VII of the Civil Rights Act of 1964 after receiving a release from the Connecticut Commission on Human Rights and Opportunities ("CHRO"). Compl. 4 (doc. 1). Using an "employment discrimination" form provided by the U.S. District Court for the District of Connecticut to *pro se* plaintiffs, Moultrie alleged that the Foundation accused her of falsifying her employment application as a pretext to unlawfully terminate her on the basis of her race/color, in violation of Title VII. Compl. 3. She alleged that she was falsely accused of falsifying her employment application by omitting evidence of a criminal history in response to a question asking if she "had a criminal record within the last five years" prior to being hired. Pl.'s Opp'n to Mot. Dismiss 1 (doc. 20). Moultrie maintained that she has not had a criminal record nor been charged with criminal conduct during the twenty-five years preceding this lawsuit. *Id.* Moultrie argued that because she did not falsify her employment application, the Foundation's stated reason for her

3

termination was pretextual.  *Id.*  She alleged that she has been terminated on the basis of her race/color, and she further argues that she has been treated differently than other, similarly-situated, male and female employees.[1]  Moultrie noted that she and her former employer disputed how her background check had been handled, as well as how personnel had kept (or released) her original application.  *Id.*  Moultrie waived her right to a jury trial and requested as relief backpay, reinstatement, and monetary damages.  *Id.* 4–5.  She additionally moved to proceed *in forma pauperis* (doc. 2).

I referred Moultrie's motion to Magistrate Judge William I. Garfinkel, who granted her motion (doc. 7) and issued a recommended ruling recommending dismissal of Moultrie's complaint for failure to assert that the Foundation employed a sufficient number of employees to be subject to Title VII's requirements (doc. 8).  Moultrie timely objected (doc. 9), and the Foundation filed a motion to dismiss Moultrie's complaint for insufficient service, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted under Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure (doc. 13).

 During a motion hearing on April 30, 2014, defense counsel argued that Moultrie had failed to state a claim for *prima facie* race discrimination because she had not adequately pleaded that an inference of discrimination existed connecting her employer's adverse employment action (termination) and her protected class (race/color).[2]  I sustained Moultrie's objection to the recommended ruling (doc. 16), and I granted the Foundation's motion to dismiss on 12(b)(6) grounds without prejudice to Moultrie filing an amended complaint by May 30, 2014 (doc. 17).  Specifically, I held that Moultrie had failed to plead that circumstances existed that gave rise to

---

1. Although Moultrie mentions sex/gender in her opposition brief, her pleadings and communications with the court indicate that she intends only to raise a claim for unlawful discrimination on the basis of race or color.

2. During that motion hearing, defense counsel also stated that the Foundation employs fifteen (15) or more employees, bringing it within the ambit of Title VII.

4

an inference of discrimination, and I reviewed the elements of a *prima facie* race discrimination with both parties.  I also granted Moultrie an extension of the time within which to effect service *nunc pro tunc* and denied the Foundation's 12(b)(5) and 12(b)(2) motions as moot.

In lieu of an amended complaint, Moultrie filed a response (doc. 18) in which she alleged that she was unfairly terminated on the basis of her "race, color, religion, sex or national origin." Moultrie Response 1 (doc. 18).  Moultrie reiterated her allegation that the Foundation had used a non-discriminatory pretext to mask its allegedly discriminatory conduct, and she stated that she felt she had been "treated different than all other employees that work at the Carver foundation concerning their [criminal] record."  The Foundation renewed its motion to dismiss Moutlrie's complaint shortly thereafter (doc. 19).

I then ordered the Foundation to serve Moultrie with a copy of her employment file, including her original application records and background check (doc. 21).[3]  I also ordered Moultrie to file a response "describing whether she is aware of any similarly-situated, non-African-American employees who allegedly falsified their employment applications but were not terminated on that basis."  *Id.*  Moultrie submitted a letter in response, noting that the defendant had failed to provide her with a copy of her original employment application, and additionally listing the names of two "white females" and a "male employee" under "XVIII Affirmative Action."  Moultrie Response 1 (doc. 22).  Moultrie did not indicate whether any of those employees were non-African-American, nor did she indicate whether those employees had allegedly falsified information on their employment applications but remained employed at the

---

3. Specifically, that order stated:
> The defendant shall produce and serve Ms. Moultrie with a copy of her employment file, including her original application records and background check, by 11/30/2014. Moultrie shall file a response to the Court describing whether she is aware of any similarly-situated, non-African-American employees who allegedly falsified their employment applications but were not terminated on that basis by 12/17/2014.

5

Foundation.  *Id.*  The Foundation also replied, asserting that it no longer had Moultrie's application within its possession (doc. 23).

Based on Moultrie's response, I granted the Foundation's motion to dismiss without prejudice to Moultrie filing an amended complaint (doc. 24).  Moultrie filed her amended complaint, alleging that the Foundation "unfairly terminated [her] due to [her] race in the handling of [her] employment application and background criminal record within the last five years."  Am. Compl. 1.  Moultrie additionally noted that she had disclosed the names of two white, female employees and one white, male employee, and she alleged that their employment applications were considered in a different manner.  Am. Compl. 1–2.  The Foundation moved to dismiss Moultrie's complaint, once again (docs. 27 & 28).[4]

I then ordered Moultrie to gather her claims "in a single Amended Complaint," and I ordered the Foundation to make "reasonable efforts to obtain Moultrie's original employment application, or a copy thereof."  Order (doc. 29).  Moultrie timely filed her Second Amended Complaint, which failed to compile her allegations, but rather, alleged that the Foundation's claim that she had falsified her employment application constituted unfair termination and that she had been pardoned of any prior criminal conduct.  2d Am. Compl. 1 (doc. 31).  Moultrie reiterated her request for relief in the form of backpay, reinstatement, amendment of her personnel file to reflect that she had not falsified her application, and monetary damages.  *Id.*  Meanwhile, the Foundation submitted an affidavit stating that it had used all reasonable efforts to obtain a copy of Moultrie's original application and that it was unsuccessful in those efforts (doc. 30).

---

4.  Although the Foundation's motion to dismiss seeks to dismiss Moultrie's First Amended Complaint (Feb. 13, 2015, doc. 26), its argument that Moultrie has failed to state a claim upon which relief can be granted also applies to Moultrie's Second Amended Complaint (June 22, 2015, doc. 31).

**III. Discussion**

To establish a claim for *prima facie* race discrimination under Title VII, a plaintiff must plead: (1) that she is a member of a protected group within the meaning of Title VII; (2) that she is qualified for the job in question; (3) that she suffered an adverse employment action; and (4) that circumstances exist giving rise to an inference of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). The pleading burden here is "minimal," *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53 (2d Cir. 2001), and "an inference of discrimination can be raised merely by showing disparate treatment or 'that a similarly situated employee not in the relevant protected group received better treatment.'" *Holdmeyer v. Veneman*, 321 F. Supp. 2d 374, 379–80 (D. Conn. 2004) (quoting *McGuinness*, 263 F.3d at 53); *de la Cruz v. N.Y.C. Human Res. Admin. Dep't of Soc. Servs.*, 82 F.3d 16, 20 (2d Cir. 1996). The parties do not dispute that Moultrie is an African-American woman, and thus a member of a Title VII protected group, that she was qualified for her position at the Foundation, and that she suffered an adverse employment action. The Foundation's primary objection is that Moultrie has failed to plead that the Foundation terminated Moultrie under circumstances plausibly giving rise to an inference of discrimination.

Moultrie emphasized that the Foundation treated her differently than other employees in the manner in which it conducted her background check, in its failure to maintain a copy of her original application, and in the execution of her termination. Moultrie did not plead that any specific actions or events took place prior to her termination that would give rise to an inference of unlawful race discrimination, nor has she pleaded facts giving rise to an inference that she was treated differently than other similarly-situated, non-African-American employees. Although Moultrie's pleading burden is minimal at the motion to dismiss stage, she has not met that burden and has failed to plead the elements of a prima facie Title VII race-discrimination claim.

Despite efforts to allow Moultrie to cure her complaint's deficiency, the deficiencies in her allegations remain unaddressed. Further, because Moultrie has been afforded the opportunity to remedy her complaint over four times, it appears unlikely that further attempts to amend Moultrie's complaint would cure its defects. Accordingly, the Foundation's motion to dismiss (doc. 27) is granted with prejudice, and its additional motion to dismiss (doc. 28) is denied as moot.

## IV. Conclusion

The Foundation's motion to dismiss Moultrie's complaint for failure to state a claim upon which relief can be granted is **granted** with prejudice. The Clerk shall enter judgment for the Foundation and shall close the file for this case.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of July 2015.

     /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge